**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3056 |
| Plaintiff - Appellee, | D.C. No. 2:21-cr-00168-JAD-EJY-2 |
| v. | |
| GEORGE DENSLEY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 9, 2025**
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.***

George Densley appeals his convictions under 18 U.S.C. §§ 371 and 2113(a)

on numerous grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

affirm.

1.      Densley argues that there is insufficient evidence to support his convictions. We review the sufficiency of the evidence to support a conviction de novo. *United States v. Ruiz*, 462 F.3d 1082, 1087–88 (9th Cir. 2006). After reviewing the evidence in the light most favorable to the prosecution, we must decide if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Here, Densley's convictions are sufficiently supported by various forms of circumstantial evidence, including messages between Densley and his codefendants discussing ATM burglaries, photos of items related to the burglaries, and Densley's call and location history around the time that the burglaries took place.

2.      Densley challenges the district court's denial of his motion under *Batson v. Kentucky*, 476 U.S. 79 (1986), based on the government's striking of two prospective jurors. "The Constitution forbids striking even a single prospective juror for a discriminatory purpose." *Flowers v. Mississippi*, 588 U.S. 284, 303 (2019). The burden of proving purposeful discrimination remains with the opponent of the strike. *United States v. Hernandez-Garcia*, 44 F.4th 1157, 1167 (9th Cir. 2022). Densley cannot show purposeful discrimination here because he

did not present any evidence to support his claim that the government's "peremptory strikes were made on the basis of race." *Flowers*, 588 U.S. at 301–02. Before the district court, Densley failed to cite any example of disparate questioning by the government or to ask the court to compare the jurors who were struck against the jurors who were not struck. *See id.* The district court thus did not clearly err in rejecting Densley's *Batson* challenge. *See United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015).

3.      Densley argues that the district court improperly admitted various records after the government failed to comply with the requirements of Federal Rule of Evidence 902(11). "[W]e review the district court's [evidentiary] rulings for an abuse of discretion, and uphold them unless they are 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *United States v. Gadson*, 763 F.3d 1189, 1199 (9th Cir. 2014) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)). Here, the government provided Densley with the challenged records well before trial. The government also notified Densley of its intention to use these records before trial. Densley does not contend that he lacked the ability to authenticate the challenged records. Nor did he challenge the authenticity of the records before the district court. The district court therefore did not abuse its discretion in admitting the records in question.

4. Densley maintains that the district court erred by allowing the government to present evidence of a financial transaction without calling as a witness the party involved in the transaction. "[W]e review de novo the district court's construction of hearsay rules, but review for abuse of discretion the court's determination to admit hearsay evidence." *United States v. Marguet-Pillado*, 560 F.3d 1078, 1081 (9th Cir. 2009). Here, the financial record in question was not testimonial because it was not made to assist in a criminal prosecution. *See Davis v. Washington*, 547 U.S. 813, 822 (2006). Rather, it was a record of regularly conducted business activity. *See Crawford v. Washington*, 541 U.S. 36, 56 (2004); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). The district court therefore did not abuse its discretion.

**AFFIRMED.**